John Wayne ANDREWS, Appellant,

v.

The STATE of Oklahoma ex rel. Juanita ESKEW, Secretary of the Johnston County Election Board, and the Johnston County Election Board, Appellees,

Guy Combes, Intervenor.

No. 53111.

Supreme Court of Oklahoma.

Oct. 7, 1980.

---

Burl A. Peveto, Jr., Sulphur, for appellant.

Ronald E. Worthen, Dist. Atty., 20th District, Ardmore, for appellees.

Burke Mordy, Mordy, Clark & Hester, Ardmore, for intervenor.

BARNES, Justice:

This is an appeal from a final order in which the District Court refused to issue a Writ of Mandamus requiring the Secretary of the Johnston County Election Board to comply with the provisions of 26 O.S. § 8–122 (Supp.1974), which requires Election Board Secretaries to notify the Governor of the State when it is deemed impossible to determine who should be certified as the Party's nominee or to whom the Certificate of Election shall be issued.

The mandamus action was brought by John Wayne Andrews, who was the Democratic candidate for the Johnston County District No. 3 Commissioner in the Democratic Primary held on August 22, 1978. A tally of the ballots cast in the election showed that the Petitioner had lost the election to the incumbent candidate, Guy Combes, by three votes. Mr. Andrews filed a timely petition seeking a recount, and alleging other irregularities in the election. On August 29, 1978, a hearing was held to consider the petition filed with the Secretary of the Election Board. At the conclusion of that hearing, the Trial Judge, the Honorable Leo H. Austin, found the ballots in Precinct Three had not been preserved in compliance with the law and therefore no recount could be had. Judge Austin went on to say that as a recount could not be had, it was a mathematical impossibility to determine the winner. Based upon this conclusion, Judge Austin ordered the Election Board to call for a new election. However, later that same day, Judge Austin reconvened the hearing, saying that he had gone beyond his jurisdiction in making a determination that a new election should be called, and that he was simply deciding that there would be no recount.

The Appellant, relying upon the initial finding of the Trial Court that it was impossible to determine with mathematical certainty which candidate was to be certified, argues that a Writ of Mandamus should have been issued, requiring the Secretary of the Election Board to notify the Governor that a special election is to be called, as required by 26 O.S. § 8–122 (Supp. 1974).

Section 8–122 of Title 26 provides:

"In the event, after a hearing is conducted, it is deemed impossible to determine who should be certified as the party's nominee or to whom a Certificate of Election shall be issued, or which candidates are entitled to have their names appear on the Run–off Primary Election ballot, the judge shall notify the appropriate election board secretary of same. It shall then be the duty of the election board secretary to notify the Governor of said decision. The Governor shall then order a new election to be conducted as soon as is practicable in the same manner as the contested election, with the identical candidates, provided that any candidate upon whom fraud has been proved shall not be a candidate in the new election. Provided further, the above shall not apply to elections resulting in tie votes, which elections shall be determined as provided by law."

The Appellant's reliance upon the above quoted statute is misplaced. The hearing referred to at the beginning of the section is a hearing to consider whether fraud or other alleged irregularities (provided for at 26 O.S. §§ 8–118 through 8–122) are present, neither of which were present in the case before us. If, at the end of such hearings, it is impossible to determine who shall be certified as the Party's nominee or who shall be issued a Certificate of Election, or who shall appear on the run–off ballot, then the Judge is to notify the Election Board Secretary, who in turn has a mandatory duty to notify the Governor. However, in *hearings on recount*, no such procedure is established. In cases such as the one before us, in which it is determined that the ballots have not been properly preserved, there simply is no recount conducted, and the original results as certified are controlling. Title 26 O.S. § 8–112 (Supp. 1974), providing for the taking of a recount, provides in part:

"... The recount shall be conducted in the courtroom of the district court in the county or counties for which the recount is requested, and it shall be the duty of a judge of said court in and for said county to attend and, in conjunction with said county election board, conduct such recount. *It shall be the exclusive and sole duty of said judge to hear evidence as to whether the ballots have been preserved in the manner and by the officers prescribed by law, and as to whether they are the identical ballots cast by the vot-*

*ers*, and that they have not been exposed to the reach of unauthorized persons, as to afford a reasonable opportunity of their having been changed or tampered with. The judgment of said court upon such questions shall be final and conclusive. *If the court cannot determine that the ballots have been properly preserved, then no recount shall be conducted. . . .*"  [Emphasis added]

In *Looney v. County Election Board of Seminole County*, 145 Okl. 25, 291 P. 554 (1930), this Court stated in the syllabus:

"... an election contestant is given the right to a recount of the ballots cast in any precinct upon the filing of a verified petition in the manner and form and within the time ... specified, but *before a recount of the said ballots may be had, there must be a showing by evidence that the ballots 'had been preserved* in the manner and by the officers prescribed by statute, and that they were the identical ballots cast by the voters, and that while in said custody they had not been so exposed to the reach of unauthorized persons as to afford a reasonable opportunity of their having been changed or tampered with.' The burden of making such showing is upon the election contestant. *In the absence of such a showing the prima facie case made by the returns of the precinct election officers must prevail.*"  [Emphasis added]

As the trier of fact in the recount hearing held that the ballots had not been properly preserved, a recount could not be held, and thus the official returns of the election results must prevail. Neither the statutes existing at the time of the *Looney* case, nor at the time of the controversy before us, provide for a new election based solely upon the ground that the ballots had not been properly preserved. This being the case, the Secretary of the Election Board was not under a duty to request a new election from the Governor. Accordingly, the Trial Court was correct in refusing to require the Election Board Secretary to so notify the Governor. We there-

fore affirm the Trial Court's refusal to issue the Writ of Mandamus prayed for.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.