2000 OK 98

Steve TOLIVER, Petitioner,

v.

The Honorable Donald D. THOMPSON, presiding judge over the first amended petition of Larry Fugate alleging irregularities in the general election held Nov. 7, 2000, for Sheriff of Creek County; The Honorable Joy Naifeh, Secretary of the Creek County Election Board, The Creek County Election Board, Respondents,

and

Larry Fugate, petitioner of the election, Real Party in Interest.

No. 95,593.

Supreme Court of Oklahoma.

Dec. 20, 2000.

### ORDER

¶ 1 Original jurisdiction in this proceeding for prohibition and mandamus relief in an election contest is assumed by the Court. Okla. Const. Art. 7 § 4; *McKye v. State Election Bd. of State of Oklahoma*, 1995 OK 15 ¶ 4, 890 P.2d 954.

¶ 2 A recount of votes cast in an election may occur when the ballots have been preserved in the manner prescribed by law. 26 O.S.1991 § 8–112. When the ballots have not been preserved in this manner "then no recount shall be conducted". *Id.* During the course of the recount proceeding the District Court determined that the ballots in this election were not preserved because spoiled ballots were mixed in with those legally cast. No recount is allowed by § 8–112 in this circumstance.

¶ 3 A petition alleging irregularities in an election may be based upon an allegation "that it is impossible to determine with mathematical certainty which candidate is entitled ... to be issued a certificate of election...." 26 O.S.1991 § 8–120. Such an allegation may be supported with evidence showing that illegal votes of a sufficient number were cast and counted as part of the election. *Hembree v. City of Stilwell*, 1979 OK 109, 597 P.2d 1218, 1220–1221. However, the allegation herein is not that improper votes were cast in the election as first returned, but that they were cast in a recount. Because courts indulge every presumption in favor of the validity of an election, the challenger herein was required to show that the spoiled ballots were actually counted in the election. See *Jackson v. Maley*, 1991 OK 7, 806 P.2d 610, where we stated the presumption and then later noted that the evidence failed to show therein that spoiled ballots were counted as valid votes at the election. *Id.* 806 P.2d at 615, 616.

¶ 4 In *Andrews v. State ex rel. Eskew*, 1980 OK 146, 618 P.2d 398, *we made the following observation:*

As the trier of fact in the recount hearing held that ballots had not been properly preserved, a recount could not be held, and thus the official returns of the election results must prevail. Neither the statutes existing at the time of the *Looney* case, nor at the time of the controversy before us, provide for a new election based solely upon the ground that the ballots had not been properly preserved.

*Andrews*, 1980 OK 146, ¶ 7, 618 P.2d at 401, citing, *Looney v. County Election Board of Seminole County*, 1930 OK 379, 291 P. 554 .

The challenger herein failed to show that the actual votes counted in the election were tainted with irregularity, and similarly failed to show a statutory right to a new election based upon a failure to preserve the ballots. The judiciary in this State does not create equitable remedies for challenging elections in District Courts for claims based solely upon political rights. *Macy v. Oklahoma City School Dist. No. 89*, 1998 OK 58, ¶ 17, 961 P.2d 804, 808.

¶ 5 Let a writ issue prohibiting the enforcement of the respondent judge's order of December 11, 2000, in Creek County case No. MS–2000–658, In re Petition Alleging Irregularities for the Office of Sheriff of Creek County, General Election Dated November 7, 2000; Larry Fugate, Petitioner. The District Court shall proceed with certification of the election results and any other appropriate proceedings consistent with this order.

¶ 6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20TH DAY OF DECEMBER 2000.

¶ 7 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, KAUGER, WATT, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 8 OPALA, J., Dissents.

OPALA, J., dissenting.

¶ 1 Petitioner, the victorious candidate under the certified canvass, seeks this court's intervention to impose that vote count's force as the now-final and hence unassailable governmental decision. I *recede from today's*

disposition that *invalidates respondent's order directing another election* to be held in the race for county sheriff between the petitioner and his general-election opponent (Fugate). My analysis, which *markedly differs* from that of the court, is set forth in *Jackson v. Maley*[1], where I state:

I cannot accede to the view that the relief of another election, afforded Smith below, should be set aside in this proceeding. Compelling legal reasons clearly militate against disturbing that decision. If, as in this case, (1) a *timely and legally sufficient recount claim is pressed,* (2) which is coupled *with an alternative plea for another election,* and (3) a *recount cannot be had because of the government officials' failure to preserve the ballots* in conformity to the statutory requirements, the mere impossibility of having a recount becomes the functional equivalent of an inconclusive tally, so that the outcome of the contest is one that may not be determined with mathematical certainty. This event alone triggers the petitioner's state-created due process rights which compel the granting of another election. The government's failure to account for the *honesty of its initial count* is a significant post-election irregularity which makes the outcome of the race incapable of being determined with mathematical accuracy and hence warrants another election.

¶2 Fugate had **purchased** from the government his statutory right to a recount. The **government accepted his money** but failed to deliver the goods. Because of official *dereliction or misconduct,* the recount could not be effected. Inasmuch as the government destroyed Fugate's legislatively conferred *political right* to test the integrity of the process by which he would otherwise stand defeated, it may not now take advantage of its own malfeasance to impose on Fugate its questionable count. *That count remains clouded by the effectively purchased right of recount.* The cloud so cast upon it may not be regarded as erased or removed by the government's failure to preserve the votes in disregard of the law's clearest command.

¶3 I would leave undisturbed the respondent's call for a new election.

---

1. Jackson v. Maley, 1991 OK 7, 806 P.2d 610, 621–622 (Opala, C.J., dissenting).